### STATE v. McARTHUR (No. 2).
No. 73- 74 CF.
Circuit Court, Okeechobee County.
May 9, 1975.

Robert E. Stone, State Attorney, for the state.

Chester Bedell, Jacksonville, Raymond E. Ford, Fort Pierce, and Eugene P. Spellman, Miami, for the defendant.

JAMES E. ALDERMAN, Circuit Judge.

This cause came on for hearing upon the defendant's motion for a new trial. The motion contains 32 grounds, all of which have been considered by the court.

Grounds 2, 3, 13, 14, 15, 16, 17, 18, 20, 23, 26 and 27, all relate to an alleged insufficiency of the evidence in this case. The sufficiency of evidence has already been determined by the court in its order denying the defendant's post verdict motion for judgment of acquittal.

Ground 4 is based upon the allegation that the evidence failed to show any motive whatsoever on the part of the defendant to effect the death of her husband. This is not a legal basis for granting a new trial. As stated in Florida Standard Jury Instructions, §2.12(f), "If you find there is an absence of evidence suggesting a motive for the defendant to commit the crime charged, the absence of such motive is a circumstance which you should consider. However proof of motive is never necessary to a conviction." In this case there was competent evidence from which the jury could have found that the defendant would receive a substantial financial benefit as the result of her husband's death. This finding could have suggested to the jury a motive for the defendant to have committed the crime charged.

Ground 5 is based upon the contention that the court erred in denying the motion of the defendant for a change of venue. At the time her pre-trial motion for change of venue was denied, the court indicated that the denial was without prejudice and could be renewed by the defendant if it became apparent that it was not possible to select a fair and impartial jury in Okeechobee County. A jury, acceptable to both the defendant and the state, was selected during the first two days of the trial. The state utilized five of its challenges and the defendant used seven of her challenges. There remained a total of 97 prospective jurors in the venire who had not been called. Defendant's motion for change of venue was not renewed prior to acceptance of the jury panel by the defendant and there has been no showing that the twelve jurors selected were not fair and impartial. It cannot be inferred that the jury was not fair and impartial simply because a guilty verdict was returned. The information obtained from prospective jurors during voire dire examination, in the court's opinion, established that defense counsel had greatly overestimated and exaggerated the effect of pre-trial publicity on the minds of prospective jurors. There has been no showing that the court erred in denying defendant's motion for a change of venue.

Grounds 7 and 9 relate to the court's denial of the defendant's request to interrogate prospective jurors individually, in isolation, separate and apart from other prospective jurors. Individual questioning of prospective jurors out of the presence of the general venire is not required by the Rules of Criminal Procedure. Such a procedure has not been recognized by any appellate decisions in the state of Florida and is contrary to the general practice through the state. Also, in this case it would not have been practical or feasible to have kept more than 100 members of the venire outside the courtroom while prospective jurors were questioned individually, one at a time, in the courtroom. In the court's opinion there was no abuse of discretion in denying defendant's request.

Ground 7 alleges that the defendant was deprived of a fair and impartial trial by virtue of the provision of Florida Statute 40.01(1), which provides "that expectant mothers and mothers with children under 18 years of age, upon their request, shall be exempted from grand jury and petit jury." There is no legal basis for this contention. The Florida Supreme Court in Hoyt v. State, 119 So.2d 691 (1960), upheld the constitutionality of the former §40.01(1), which provided in part "that the name of no female person shall be taken for jury service unless that person has registered with the clerk of circuit court her desire to be placed on the jury list." The former statute was more restrictive than the present §40.01(1) in that it required the affirmative act of registration by a woman before she could be called for jury service. Hoyt v. State, supra, was appealed to the Supreme Court of the United States where the decision of the Florida court was unanimously affirmed. Hoyt v. Florida, 368 U. S. 57, 7 L. Ed. 2d 118, 82 S. Ct. 159 (1961). Justice Harlan, speaking for the court, held that the statute did not violate the 14th Amendment, either upon its face, since it was based on a reasonable classification, or as it was applied, since it was not shown that Florida had arbitrarily undertaken to exclude women from jury service. The present §40.01(1) allows even more women on juries. All women are subject to being summonsed and only expectant mothers and mothers of children under 18, upon their request, are exempted. This exemption is certainly based upon a reasonable classification and the manner in which it is exercisable rests upon a rational foundation. A woman who attacks her conviction of crime on the ground that the state arbitrarily excluded women from jury service has the burden of proving her allegation. The present §40.01(1) is not unconstitutional on its face. Neither was it unconstitutionally applied in this case. It did not prevent the defendant from having a cross section of the people of Okeechobee County on her jury. The jury in fact consisted of six white women and one black woman, four white men and one man of

oriental descent. Several of the women on the jury were mothers of minor children.

Defendant's grounds 8 and 10 allege that the court erred in limiting the interrogation of prospective jurors by counsel for the defendant and by the court questioning prospective jurors itself. Rule 3.300(b), Rules of Criminal Procedure, provides that after the prospective jurors are sworn — "The court shall then examine each prospective juror individually, except that, with the consent of both parties, it may examine the prospective jurors collectively. Counsel for both the state and defendant shall be permitted to propound pertinent questions to the prospective jurors after such examination by the court." The voire dire examination of prospective jurors in this case was conducted in accordance with the Rules of Criminal Procedure. It is the opinion of the court that defendant's counsel were not unduly restricted in their questioning and were allowed to propound "pertinent questions" to the prospective jurors after examination by the court.

Ground 11 alleges that §913.13, Florida Statutes, is unconstitutional. Defendant does not name any specific potential juror who was eliminated from her trial by operation of this statute. However, in any event, the Florida Supreme Court in the cases of Campbell v. State, 227 So.2d 873 (1969), and Picott v. State, 116 So.2d 626 (1959), specifically upheld the constitutionality of this statute. The statute in question is in conformity with the holding of the United States Supreme Court in Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 30 L. Ed. 2d 776 (1969).

In ground 12 the defendant alleges that the juror, Bertha L. Williams, was guilty of misconduct in answering questions upon voire dire examination. The court held a separate evidentiary hearing on these allegations and has determined that there was no misconduct on the part of Bertha L. Williams which would have required the court to declare a mistrial or grant a new trial.

For ground 19 defendant asserts that the court erred in failing to give her requested jury instruction no. XLV on circumstantial evidence. The court instructed the jury on circumstantial evidence using Florida Standard Jury Instructions, §2.13. In the court's opinion, the Florida standard jury instruction correctly and adequately instructed the jury on circumstantial evidence, it was not necessary to give the additional instruction requested by the defendant.

In grounds 21 and 22, the defendant alleges that the court erred in refusing to permit the witnesses, Sudrath and Matthews, to state their opinions as to the condition of the defendant on the morning of the shooting. Neither of these witnesses were qualified as experts

to give their opinion as to the physical or mental condition of the defendant. Both witnesses were allowed to testify as to what they observed about the defendant and how she was acting.

In grounds 24 and 25 the defendant complains of statements by the state attorney that the defendant gave inconsistent accounts of how the shooting occurred. There was competent evidence from which the jury could have found that the defendant did give inconsistent accounts of how the shooting occurred. The statements by the state attorney were proper comments on the evidence and were not improper arguments to the jury.

In grounds 30 and 32 defendant contends that §921.41, Florida Statutes, is unconstitutional. There is no basis for defendant's contention. The constitutionality of §921.41 has been upheld by the Florida Supreme Court in State v. Dixon, 283 So.2d 1 (1973), and subsequent cases.

By grounds 31 and 32 defendant attacks the constitutionality of §775.082, Florida Statutes. This statute would require defendant to serve no less than twenty-five calendar years before becoming eligible for parole if she were sentenced to life in prison rather than death. In the court's opinion, §775.082 is constitutional. The determination of maximum and minimum penalties to be imposed for violation of the law remains a matter for the legislature.

Ground 34 alleges that the court erred in denying the defendant's motion to sequester the jury. Rule 3.370, Rules of Criminal Procedure, provides that "after the jurors have been sworn they shall hear the case as a body and, within the discretion of the trial judge, may be sequestered." The court made its decision not to sequester the jury after the voire dire examination was completed. After listening to the answers given by the prospective jurors during the two days of jury selection, it was apparent to the court that defense counsel had greatly overestimated and exaggerated the impact and effect of pre-trial publicity on the prospective jurors. It was the court's opinion at that time that it would not be necessary to sequester the jury and to have done so would have imposed an unnecessary personal hardship on the jurors. The members of the jury were kept together during the day and through the lunch hour. Before being allowed to separate in the evenings they were carefully and repeatedly instructed and cautioned by the court. There has been no showing, and the court has no reason to believe, that the members of the jury did not strictly comply with the court's instructions. There has been no showing that the jury's verdict was in any way affected by the court's decision not to sequester the jury. The court remains of the opinion that it was not necessary to sequester the jury in this case, and that to do so would have imposed an undue personal hardship on the jurors.

Grounds 28 and 29 allege error in the court's denial of defendant's motions for judgment of acquittal made during the trial, these matters have already been considered and disposed of in the court's order denying defendant's post verdict motion for judgment of acquittal. The remaining grounds, 1 and 33, are simply general statements that the verdict is contrary to the law and that the defendant did not receive a fair and impartial trial. After a review of the evidence and the applicable law, it is the court's opinion that the verdict is not contrary to the law and that the defendant did receive a fair and impartial trial.

It is therefore ordered and adjudged that the defendant's motion for a new trial is denied.